CoHEN & MANN v. UNITED STATES

No. 4647.—Invoice dated Lodz, Poland, June 30, 1938.
Certified July 1, 1938.
Entered at New York July 15, 1938.
Entry No. 705530.

(Decided September 29, 1939)

*Barnes, Richardson & Colburn (Hadley S. King* and *Samuel M. Richardson* of counsel) for the plaintiffs.

*Webster J. Oliver,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

BROWN, Judge: In this case the record shows that a New York dealer in foreign goods went abroad at the instance of several New York firms to purchase goods for them in Europe if he found goods of the kinds they desired for their lines of business. He went to a manufacturer in Poland and showed him samples of imitation Persian lamb which he had picked up in England and Czechoslovakia which he thought would be desirable for his principals in the United States. After negotiation the Polish manufacturer agreed to make about 50,000 yards of a certain type and number for $1.475 per yard c. i. f. New York, packing included, which the New York dealer agreed to take for his American customers. About 47,000 yards of it were actually made and so disposed of by him to his American principals who paid him 5 per centum of the landed New York price for his services and paid the Polish manufacturer the invoice price. According to the special agent's report in evidence, which largely confirms the oral testimony, the shipments here made are in the ordinary wholesale quantities.

The Government claims that the fact that he obtained by agreement with the manufacturer all the number so manufactured for distribution to his customers, so that all who bought this number would have to pay him 5 per centum of the landed New York price, makes it a seller's commission and, therefore, dutiable as part of the export value, none being sold in the home market of Poland. Upon this theory the contested appraisement is made.

With that legal conclusion, from the facts of record, I am unable to agree, but hold nevertheless that it remains a nondutiable buyer's commission. The entered value, which does not include the 5 per centum, is, therefore, sustained as the dutiable export value.

The motion to dismiss, made at the trial, was denied because it is plainly this court's duty to find a value from the evidence before it, one way or the other.

Judgment will be rendered accordingly.